UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:19-cr-745

    Plaintiff

v.   MEMORANDUM OPINION
AND ORDER

Roderick King, Jr.,

    Defendant

Before me is Defendant Roderick King, Jr.'s motion to suppress. (Doc. No. 14). The government filed an opposition brief. (Doc. No. 15). King did not file a reply.

King moves to suppress the Ohio Bureau of Criminal Investigation ("BCI") Report, (Doc. No. 15-3), identifying him as the "major contributor" of a touch DNA mixture found on the body of a firearm located on the front passenger side of a vehicle without license plates located in the yard of an abandoned property. (Doc. No. 14). To make this determination, BCI used probabilistic genotyping software to analyze touch DNA swabs taken from the firearm. (Doc. No. 14). Using this software, BCI found "the estimated frequency of occurrence of the major DNA profile is 1 in 40,000,000 [ ] unrelated individuals." (*Id.*).

In his motion, King first challenges the reliability of the probabilistic genotyping software program used to determine the probability his DNA was located on the firearm. For this argument, he relies entirely upon the district court's decision in *United States v. Gissantaner*, 417 F. Supp. 3d 857 (W.D. Mich. 2019), holding a similar probabilistic genotyping software program used to determine probability of DNA profile from single source in mixture of DNA from multiple contributors was

not sufficiently reliable and, therefore, inadmissible. The Sixth Circuit has since overturned the district court's ruling, holding the district court abused its discretion by excluding the DNA evidence because the probabilistic genotyping software program at issue in *Gissantaner* was "the 'product of reliable principles and methods.'" -- F.3d --, 2021 WL 8341005 (6th Cir. Mar. 5, 2021). King does not suggest the probabilistic genotyping software program used by BCI is any less reliable than that used by the Michigan State Police in *Gissantaner*. Therefore, I reject King's general challenge to the reliability of the probabilistic genotyping software used to determine he was a "major contributor" of the DNA found on the body of the firearm.

King next asserts the government cannot satisfy its burden to establish proper chain of custody of those DNA swabs tested. "Physical evidence is admissible when the possibilities of misidentification or alteration are 'eliminated, not absolutely, but as a matter of reasonable probability.'" *United States v. Allen*, 106 F.3d 695, 700 (6th Cir. 1997) (quoting *United States v. McFadden*, 458 F.2d 440, 441 (6th Cir. 1972)) (further citation omitted). "Merely raising the possibility of tampering or misidentification is insufficient to render evidence inadmissible." *United States v. Combs*, 369 F.3d 925, 938 (6th Cir. 2004). "[C]hallenges to the chain of custody go to the weight of evidence, not its admissibility." *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990).

As evidenced by the June 22, 2019 Crime Report, the firearm was "protected for DNA" after being found on the front passenger tire by Detective Bascone. (Doc. No. 15-1 at 2). It was then "booked into the night property room at the Safety Building." (*Id.*). The firearm, listed as "handled by" Bascone, was swabbed by "KE #2135" on July 1, 2019. (Doc. 15-2 at 1). The swabs were received from "K. Eycke #2135" by Kaitlyn Porter the next morning on July 2, 2019, at 0850. (*Id.* at 2). Although the swabs were received by Kaitlyn Porter, they were submitted to BCI by Sergeant Laurie Renz on July 10, 2019. (Doc. No. 15-3 at 1). The government does not address this custodial discrepancy. But even if this is a break in the chain of custody, such a break would go to

the weight rather than the admissibility of the evidence stemming from the DNA swabs. *See United States v. Cottrell*, 2 F.3d 1152 (Table), 1993 WL 307083, at *4-*5 (6th Cir. Aug. 12, 1993) (A minor break in the chain of custody "goes to the weight, not the admissibility, of the evidence."). Without more, I find King's chain-of-custody challenge to merely raise the possibility of misidentification and insufficient to render the evidence inadmissible.

Rejecting both of King's arguments, I hereby deny his motion to suppress.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge